UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DWIGHT BACON,<br>      Plaintiff<br><br>VERSUS<br><br>STATE OF LOUISIANA, et al.,<br>      Defendants | CIVIL ACTION<br>SECTION "P"<br>NO. 3:10-CV-00342<br><br><br>JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed pursuant to 28 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Dwight Bacon ("Bacon") on May 18, 2010 (Doc. 1) and amended on June 15, 2010 (Doc. 4). The named defendants are the State of Louisiana, Warden H. Prince (warden of the Elayn Hunt Correctional Center ("EHCC") in St. Gabriel, Louisiana), the EHCC, and Major Lessard, Lt. Ferguson,[1] Sgt. McDavid,[2] and Capt. Campbell, all corrections officers employed at the EHCC. Bacon contends that, while he was incarcerated in EHCC in 2009, he was involved in a cell block fire in Beaver 2 at EHCC for 45 minutes, during which he alleges he inhaled harmful vapors and smoke. Bacon claims defendants failed to properly evacuate him from the cell block due to improper fire marshal evacuation procedures and that he received poor medical attention. Bacon contends he is now suffering from respiratory

---

[1] In his complaints, Bacon misspelled Ferguson's name as "Fergerson."

[2] In his complaints, Bacon misspelled MdDavid's name as "McDavis."

problems and chest pain. For relief, Bacon asks for monetary damages. Bacon is presently confined in the Louisiana State Penitentiary in Angola, Louisiana.

Defendants filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. rule 12(b)(1) and (6), contending Bacon has failed to state a claim for violation of his constitutional rights against any of the defendants and that they are entitled to qualified immunity.

Motion to Dismiss

For the purposes of a motion to dismiss for failure to state a claim upon which relief can be granted, the factual allegations of the complaint must be taken as true and any ambiguities must be resolved in favor of the pleader. Doe v. U.S. Dept. of Justice, 753 F.2d 1092, 1101 (D.C.Cir. 1985). A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National Railroad Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), vacated on other grounds, 512 U.S. 1231, 114 S.Ct. 2732, 129 L.Ed.2d 855 (1994); Doe, 753 F.2d at 1102. On a motion to dismiss, it is presumed that general allegations embrace the specific facts that are necessary

to support the claim. <u>National Organization for Women, Inc. v. Scheidler</u>, 510 U.S. 249, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994), citing <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992).

The EHCC

The EHCC was not served (Doc. 8); although service was attempted, it was not accepted. Service on the EHCC was not appropriate. A prison is not an entity, but a building. <u>Roy v. Orleans Parish Sheriff's Office</u>, 2009 wl 4730697 (E.D.La. 2009), citing <u>Jones v. St. Tammany Parish Jail</u>, 4 F.Supp. 2d 616, 613 (E.D.La. 1998). A prison or jail or its administrative departments are not legal entities capable of being sued under Section 1983 because they are not juridical entities under Louisiana state law capable of being sued and because they are not "persons" for purposes of suit under Section 1983. <u>Fair v. Crochet</u>, 2010 WL 430806, *12 (E.D.La. 2010). Also, <u>Guidry v. Jefferson Cty. Detention Center</u>, 868 F.Supp. 189, 191 (E.D.Tex. 1994). Therefore, defendant's motion to dismiss should be granted and Bacon's action against the EHCC should be dismissed with prejudice.

State of Louisiana

The State of Louisiana also was not served (Doc. 8). Although service was attempted through officials at the EHCC, it was not accepted. Therefore, Bacon's suit against the State of Louisiana should be dismissed pursuant to Fed.R.Civ.P. 4(m) for lack of service of process. See <u>McGinnis v. Shalala</u>, 2 F.3d 548, 550 (5th

Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Kersh v. Derosier, 851 F.2d 1509, 1512 (5th Cir. 1988).

Moreover, neither a state nor its officers acting in their official capacities are "persons" under §1983. Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 258, 362 (1991). Also, the Eleventh Amendment to the U.S. Constitution bars all suits in law or equity against an unconsenting state, Neuwirth v. Louisiana State Board of Dentistry, 845 F.2d 553, 556 (5th Cir. 1988), and under La.R.S. 13:5106, the state of Louisiana has not waived her immunity under the Eleventh Amendment from suit in federal court. Anderson v. Phelps, 655 F.Supp. 560, 563-64 (M.D. La. 1985). See also, Loya v. Texas Dept. of Corrections, 878 F.2d 860 (5th Cir. 1989). Bacon's action against the State of Louisiana should also be dismissed as improper under Section 1983 and due to Eleventh Amendment immunity.

Therefore, defendant's motion to dismiss should be granted and Bacon's action against the State of Louisiana should be dismissed with prejudice.

Warden Prince

Bacon named Warden Prince as a defendant in this case, apparently in his capacity as a supervisor since he has not made any specific factual allegations which involve Warden Prince.

The doctrine of respondeat superior, which makes an employer or supervisor liable for an employee's alleged tort, is unavailable

in suits under 42 U.S.C. §1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Well settled §1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions. Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injury. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. den., 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Thompkins, 828 F.2d at 303.

Bacon has not alleged or offered any proof of any acts or omissions of Warden Prince or any unconstitutional policies implemented by Warden Prince which deprived Bacon of his constitutional rights. Although Bacon alleges there were "improper fire marshal evacuation procedures," he has not alleged that Warden Prince was responsible for the fire marshal's procedures, that Warden Prince instituted or implemented any improper procedures, or what the allegedly improper procedures were. Therefore, defendant's motion to dismiss should be granted and Bacon's action for damages against Warden Prince should be dismissed.

Sgt. Ferguson

In his response to defendants' motion to dismiss (Doc. 27), Bacon contends Sgt. Ferguson is liable to him because he "encouraged" inmate Robinson to start the fire by telling Robinson to "do what you're gonna do" when Robinson said he would set a fire

if he was not given his pills (Doc. 27). This simply does not state a claim cognizable under Section 1983 for violation of Bacon's constitutional rights.

Therefore, defendants' motion to dismiss should be granted and Bacon's action against Ferguson should be dismissed with prejudice.

Major Lessard, Sgt. McDavid, Capt. Campbell

Next, Bacon contends Major Lessard, Sgt. McDavid and Capt. Campbell are liable for failing to evacuate Bacon according to Fire Marshal evacuation procedures.

When the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs, e.g., food, clothing, shelter, medical care, and reasonable safety, it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause. The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him but from the limitation which it has imposed on his freedom to act on his own behalf. Hare v. City of Corinth, 74 F.3d 633, 639 (5th Cir. 1996), and cases cited therein.

Punishment rises to the level of cruel and unusual only if it involves an unnecessary and wanton infliction of pain. No static test exists that measures whether conditions of confinement are cruel and unusual, for the Eighth Amendment draws its meaning from the evolving standards of decency that mark the progress of a

maturing society. Talib v. Gilley, 138 F.3d 211, 213-14 (5th Cir. 1998). Among unnecessary and wanton inflictions of pain are those that are totally without penological justification. In making this determination in the context of prison conditions, a court must ascertain whether the officials involved acted with deliberate indifference to the inmates' health or safety. We may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious. Hope v. Pelzer, 536 U.S. 730, 737-738, 122 S.Ct. 2508, 2514-2515 (2002), and cases cited therein.

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation must be, objectively, sufficiently serious and the prison official's act or omission must result in the denial of the minimum civilized measure of life's necessities. Second, a prison official must have a sufficiently culpable state of mind, i.e. deliberate indifference to a prisoner's constitutional rights, to be subjected to a § 1983 liability to that prisoner. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994); Hare, 74 F.3d at 648. A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. An official's failure to alleviate a significant risk that he should have perceived but

did not, while not cause for commendation, cannot under our cases be condemned as the infliction of punishment. <u>Farmer</u>, 114 S.Ct. 1979. See also, <u>Olabisiomotosho v. City of Houston</u>, 185 F.3d 521, 526 (5th Cir. 1999).

In the case at bar, Bacon alleges that Robinson started a fire in his cell and that the named defendants failed to evacuate all of the inmates on the tier. Instead, the defendants put out the fire with a fire extinguisher and had the inmates checked by the medical staff for smoke inhalation. According to Bacon's complaint, the entire event was over within 45 minutes.

Bacon has not alleged that any of the defendants were deliberately indifferent to his health or safety. Bacon simply disagrees with the manner in which they handled the situation, arguing they were supposed to evacuate the inmates on the tier instead of putting out the fire in Robinson's cell. There is nothing in Bacon's complaint to indicate the defendants failed to properly take care of the emergency situation, did not handle the situation correctly, or knowingly placed Bacon at risk from inhalation of smoke or chemicals.

Since Bacon has not alleged or shown that defendants were deliberately indifferent to his health and safety, Bacon has not alleged or shown a violation of his constitutional rights cognizable under Section 1983. Therefore, defendants' motion to dismiss should be granted and Bacon's action against Lessard, McDavid and Campbell should be dismissed with prejudice.

Medical Care Claim

Finally, Bacon contends defendants provided him with poor medical care after the fire. Bacon does not contend he was denied medical care, nor does he contend any of the named defendants actually provided his medical care.

In order to establish the personal liability of a certain defendant to a plaintiff who is claiming damages for deprivation of his civil rights, that plaintiff must show that particular defendant's action or inaction was a violation of the plaintiff's civil rights. Reimer v. Smith, 663 F.2d 1316, 1322 n. 4 (5th Cir. 1981). Also, Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 1098 n. 7, 89 L.Ed.2d 271 (1986). Bacon has not alleged that any act or omission by any of the named defendants violated Bacon's constitutional rights as they pertain to his medical care after the fire.

Therefore, defendants' motion to dismiss Bacon's medical care claim should be granted and Bacon's action for damages against the defendants for denial of adequate medical care should be dismissed.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion to dismiss be GRANTED and Bacon's action against all defendants, on all issues, be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this ___ day of April, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE